RIGBY v. FERRARY BROS. CO.

(Circuit Court, D. New Jersey. June 5, 1911.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—KNUCKLE JOINT.

The Crutchlow patent, No. 625,150, for a knuckle joint, adapted for use on jacquard machines, was not anticipated, and discloses patentable invention, and the device is useful and meritorious. Also *held* infringed.

In Equity. Suit by Holden Rigby against the Ferrary Bros. Company. On final hearing. Decree for complainant.

Edward Q. Keasby, for complainant.
John W. Steward, for defendant.

CROSS, District Judge. This is a bill in equity in the usual form and asking for the usual relief in patent cases. The particular patent involved is No. 625,150, issued May 16, 1899, to one William Crutchlow; assignor to the complainant. It is for an alleged new and useful improvement in knuckles for jacquard machines, for which it seems to have been more especially designed and intended, although it is in form a universal joint. It contains four claims, all of which are alleged to have been infringed by the defendant's device, which follows another patent issued on November 27, 1906, to said Crutchlow, which is also for a knuckle joint adapted for use on jacquard machines. The claims are as follows:

(1) "In a knuckle-joint, the combination of two substantially similar members, said members being disposed in intersecting planes and each comprising a pair of spaced sections, a third connecting member having its extremities pivotally arranged between the sections of each pair, and a bearing situated between said sections and upon which each extremity of said connecting member is pivoted, said bearing being of greater thickness than that of said extremity, substantially as described."

(2) "In a knuckle-joint, the combination of two substantially similar members, said members being disposed in intersecting planes and each comprising a pair of spaced and integrally-connected circular sections, a third connecting member comprising integrally-connected disks pivotally arranged between the sections of each pair, a circular bearing upon which each disk is pivoted, said bearing being of greater thickness than said disk, and a bolt penetrating said sections of each member and its circular bearing, substantially as described."

(3) "A flexible connection between a lever of a jacquard-machine and a crank for operating said lever, consisting of a connecting-rod adjustably and operatively connected to said crank and a knuckle-joint consisting of two members, one of said members being adapted to be adjustably connected to said lever and the other of said members being adjustably secured to said connecting-rod, and each comprising a pair of spaced and integrally-connected circular sections, a third connecting member comprising integrally-connected disks pivotally arranged between the sections of each pair, a circular bearing situated between said bearing and upon which each disk is pivoted, said bearing being of greater thickness than that of said disk, and a bolt penetrat-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing said sections of each member and its circular bearing, substantially as described."

(4) "The combination with an operating-lever for a jacquard-machine and with a crank for operating said lever, of a pitman pivotally connected to said crank, a connecting-rod adjustably connected to said pitman and a knuckle-joint consisting of two members, one of said members being adjustably connected to said lever and the other of said members being adjustably secured to said connecting-rod, and each of said members comprising a pair of spaced and integrally-connected circular sections, a third connecting member comprising integrally-connected disks pivotally arranged between the sections of each pair, a circular bearing upon which each disk is pivoted, said bearing being of greater thickness than said disk, and a bolt penetrating said sections of each member and its circular bearing, substantially as described."

The invention, although simple, is obviously effective and has proved to be of commercial value. It is sufficiently described by the complainant's expert as follows:

"The invention consists in the improved flexible connection and in the combination or arrangement of the various parts thereof with the actuating levers of a jacquard machine, and their operating cranks. It consists of a knuckle joint consisting of two substantially similar members, said members being disposed in intersecting planes and each comprising a pair of spaced sections, a third connecting member having its extremities pivotally arranged between the sections of each pair, and a bearing situated between said sections, and upon which each extremity of said connecting member is pivoted, said bearing being of greater thickness than that of said extremity, and a bolt penetrating said sections of each member and its circular bearings, and has for its object to obviate the wear and pounding on the length of connection. The flexible connection is usually mounted between the lever of the jacquard machine and the crank which operates the same."

As already intimated, the invention, which is for a combination, is not broad, but at the same time, upon careful examination it does not seem to have been anticipated by the prior art. Some of its elements were old, but the knuckle as a whole was not. In my judgment, it shows a clear and patentable advance upon the prior art. No protracted discussion of that art will therefore be attempted. The Little patent No. 206,184 will not do, and was not intended to do, what the patent in suit not only does, but does well. Moreover, Little's device is in no sense like the patent in suit. It was expressly intended for revolving one shaft by means of another at right angles thereto. It was not designed or fitted for a loom, nor does it have enlarged or fixed bearings, nor could it, with propriety, be called a knuckle joint.

Cooper No. 256,293, 1882, is not in the same art. It was intended, according to the specification, as an improvment:

"In those pins which are employed for attaching a connecting-rod or similar moving part of an engine or machine with the adjacent part which imparts motion to the connecting-rod, or to which motion is imparted by the connecting-rod, as the case may be, such, for instance, as the pins whereby the connecting-rod of a steam-engine is connected with the cross-head thereof, or the pins which are employed for connecting together the parts of a parallel rod of a locomotive having three driving-axles. In these pins, the greatest and often the only appreciable wear occurs in the direction in which the connecting-rod exerts its thrust against the pin, which latter, by reason of this wear gradually becomes flattened to a greater or less degree, and per-

mits the eye of the connecting-rod to play on the pin in the direction of the thrust, which occasions a thumping of the parts and often results in breaking the pin.

"The object of my invention is to avoid this difficulty; and it consists of the peculiar construction of the connecting parts, whereby the wearing surfaces which come in contact with the eye of the connecting-rod in the line or thrust can be changed at will."

From the above extract it is obvious that Cooper's invention consisted in a device for changing at will the wearing surface of the bearing in the connecting-rod of an engine. There is nothing in that patent, unless the language describing its operation and function, be forced, which at all suggests, much less describes, the invention of the patent in suit.

The Miller patent, No. 279,415, 1883, is for a universal joint and the patentee undoubtedly had in mind the idea of providing enlarged wearing surfaces, indeed, he expressly says so, but his structure is essentially different. He provides the ends of each of the forks with sockets for securing the enlarged swivel block or cross-head. The bolt which penetrates and secures the cross-head between the jaws is not made tight so as to form an immovable bearing fixedly connected with the jaws. If the bolt were thus tightened, all motion would be lost. In other words, in this patent the bearings are recessed sockets on the ends of the jaws which are engaged by the suitably formed ends of the cross-head, so that the bearings are not in any sense between the jaws or forks. Moreover, there is nothing in it which shows that it could be adapted to a jacquard loom. Again, not only is its function different, but its construction and operation are different. Even the defendant's expert is unable to find in it the circular bearing of the patent in suit, contained and held in place by a bolt between the jaws of the upper and lower member. Not one of the patents above mentioned can therefore be regarded as an anticipation of the patent in suit, and an examination of its file-wrapper, which is in evidence, shows that none of them was so regarded by the patent examiner. Furthermore, so far as appears, they are merely paper patents. The complainant's device on the contrary, has not only received the seal of the Patent Office, but has proved itself to be useful and meritorious.

The remaining question for consideration is that of infringement. The defendant is manufacturing, as above stated, under a subsequent patent issued to said Crutchlow. I regard this patent as at the most but an improvement upon his earlier patent, the one in suit. It is true that it varies somewhat in its construction and more particularly in this, that its circular bearing consists of a hollow tube extending substantially through the entire knuckle. This hollow-tubed bearing has caps over its ends having holes in them, through which, and the hollow bearing, a rod extends which is threaded at its ends, and on which nuts are secured to tighten and hold the structure together. The defendant contends that the knuckle of the patent in suit is restricted to a circular bearing located entirely between two sections or jaws of the forked members. It should be noticed, in passing, however, that two of the claims in suit are not thus re-

stricted, but aside from that, the defendant's bearing is within the sections or jaws within the meaning of the claims, and that it extends beyond the jaws does not materially alter the fact. Such part thereof as is beyond or outside of the jaws is not a bearing, does not perform the function of a bearing, and is such only in name. The bearing is in either device between the jaws. Again, the defendant's device, like the patent in suit, has a bolt penetrating the sections of each member, and also the circular bearing, which bolt is capable of performing, and does perform, the same function substantially as that of the patent in suit. Both bolts clamp the structure together. But the defendant urges that its bolt its not subjected to any strain; if that were admitted, which it is not, still it is likewise true of the complainant's bolt that it may, or may not bear any strain, thus, in his specification the patentee says:

"In order to produce as much freedom of movement as possible, the circular bearings *w w'* are made slightly thicker than the disks. Furthermore, when the bearings are properly bolted together, so that the circular bearings are tightly secured between the disks, no movement will be permitted between said bearings and the bolt, and consequently the strain and wear which would otherwise be borne by the bolt alone is practically taken up by the circular bearings and the disks. The bolt may also share in bearing the strain; but if the parts are clamped together tight enough to prevent any turning of the bearing on the bolt, there will be no wear upon the latter."

The defendant also uses his hollow bearing for containing and distributing a lubricant. This idea may be inventive and may constitute an improvement upon the patent in suit, but that does not prove that it does not infringe the latter, or afford any reason why it should not pay tribute to it, since apart from its lubricating feature, the hollow tube performs the function of the circular bearing of complainant's patent in substantially the same way. There is no essential difference between the two devices; the defendant's knuckle merely substitutes and uses mechanical equivalents for those of the patent in suit.

The complainant is entitled to a decree pursuant to the prayer of his bill, with costs.