FERRARY BROS. CO. v. RIGBY.

(Circuit Court of Appeals, Third Circuit. November 24, 1911.)

No. 32 (1,531).

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—KNUCKLE JOINT FOR LOOM.
The Crutchlow patent, No. 625,150, for a knuckle joint for a Jacquard loom, *held* not anticipated to disclose invention of a meritorious character, and infringed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Suit in equity by Holden Rigby against the Ferrary Bros. Company. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 189 Fed. 616.

John W. Steward, for appellant.
Edward Q. Keasbey, for appellee.

Before GRAY, BUFFINGTON and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Holden Rigby, owner of patent No. 625,150, granted May 16, 1899, to Crutchlow for a knuckle for a Jacquard weaving machine, filed a bill against the Ferrary Bros. Company, charging infringement of the first, second, third, and fourth claims thereof. That court sustained the charge, and from a decree in accordance therewith the respondent appealed to this court. The opinion of the court below, reported at (C. C.) 189 Fed. 616, describes the device and its relation to the prior art. After a careful study of the proofs with the light afforded by counsel's arguments and briefs, we have reached the conclusion that the decree should be affirmed. The device was for a knuckle or universal joint adapted to actuate the levers of a Jacquard weaving loom. The strain or wear on such connection, which served to transmit power to the loom, was very great. It required frequent repair, and, while operating, constant readjustment, for its faulty working resulted in injury to textiles. From 1820, when the Jacquard loom came into use, there was no substantial or satisfactory improvement in such connection until Crutchlow's device. The latter has proved a perfectly effective joint, and has eliminated all existing defects in the time-worn modes of connection. Its important feature consisted in enlarging the bearing surface, and so constructing it that no lost motion or pounding resulted from continued use. In view of the full technical description of the device in the reported opinion, we refrain from here redescribing it, and content ourselves with saying that we have reached the conclusion the decree below should be affirmed. As bearing on infringement, we find that, while respondent carries its hollow

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bearing tube clear across the knuckle, yet in doing so the functional or wearing part is nevertheless between the sections or jaws within the meaning of the claim, and, as the court below said:

"That it extends beyond the jaw does not materially alter the fact. Such part thereof as is beyond or outside of the jaws is not a bearing, does not perform the function of a bearing, and is such only in name."

So holding, we affirm the decree below.